ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
Assistant United States Attorneys
Violent and Organized Crime Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0552
     Facsimile: (213) 894-3713
     E-mail:    reema.el-amamy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 10-351-ODW |
| Plaintiff, | **GOVERNMENT'S CONSOLIDATED OPPOSITION TO DEFENDANT'S MOTIONS TO SUPPRESS WIRETAP EVIDENCE** |
| v. | |
| ARMANDO BARAJAS, et al., | |
| Defendants. | |

Plaintiff United States of America, through its counsel of record Assistant United States Attorney Reema M. El-Amamy, hereby files its consolidated opposition to defendant's motion to suppress wiretap evidence - Docket Numbers 1556, 1557, and 1558.

//

//

1  This opposition is based on the attached memorandum of
2  points and authorities, the files and records in this case, and
3  any additional argument or evidence that it may present at any
4  hearing on this matter.
5  DATED: July 23, 2012

                                    Respectfully submitted,


                                    ANDRÉ BIROTTE JR.
                                    United States Attorney

                                    ROBERT E. DUGDALE
                                    Assistant United States Attorney
                                    Chief, Criminal Division


                                           /s/
                                    REEMA M. EL-AMAMY
                                    Assistant United States Attorney


                                    Attorneys for Plaintiff
                                    United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Each of defendant Gil's motions allege that various wiretaps were procedurally or "facially invalid" for different supposed defects. None of the allegations have merit, in fact or in law. Moreover, with the exception of defendants Rivera and Prieto – all of the other defendants – including defendant Gil – have failed to adequately demonstrate that they have standing to challenge any of the wiretap applications.

**II. ARGUMENT**

**A.  SEVERAL DEFENDANTS HAVE FAILED TO ESTABLISH STANDING**

Title 18, United States Code, Section 2518(10)(a) provides:

> Any aggrieved person . . . may move to suppress the contents of any wire or oral communication intercepted pursuant to this chapter . . . .

The term "aggrieved person" is defined in the statute at § 2510(11) as:

> a person who was a party to any intercepted wire, oral, or electronic communication of a person against whom the interception was directed.

In <u>Alderman v. United States</u>, the Supreme Court interpreted this "standing" provision to be consistent with the rules for determining standing to contest the admissibility of evidence derived from the execution of the search warrant. 394 U.S. 165, 176 (1969). The Ninth Circuit has held that the <u>Alderman</u> decision permits a defendant to move for suppression of wiretap evidence "only if his privacy was actually invaded; that is, if he was a participant in an intercepted conversation or if such conversation occurred on his premises." <u>United States v. King</u>,

478 F.2d 494, 506 (9th Cir. 1973) (citing <u>Alderman</u>, 294 U.S. at 176).  Standing, however, does not automatically confer upon a defendant who is named as a target of the electronic surveillance unless the wiretap was in his residence.  <u>United States v. Ruggiero</u>, 928 F.2d 1289, 1303 (2d Cir. 1991).  Likewise, a district court in Southern District of New York concluded that a defendant could not rely upon representations by the government that the defendant had been intercepted over the wiretap.  "The defendant's unsworn assertion of the Government's representations does not meet this burden."  <u>United States v. Montoya-Eschevarria</u>, 892 F. Supp. 104, 106 (S.D.N.Y. 1995) (citation omitted); <u>see also</u>, <u>United States v. Jabara</u>, 618 F.2d 1319, 1326 (9th Cir. 1980), <u>overruled on other grounds by</u> <u>United States v. Escobar De Bright</u>, 710 F.2d 1404 (9th Cir. 1983) (trial court correctly determined that defendant lacked standing to challenge wiretap where defendant failed to "establish that she was a party to an intercepted conversation or that an intercepted conversation occurred on her premises").

The Central District has a Local Rule that applies to all motions to suppress.  Specifically, Local Rule 12-1 provides:

> A motion to suppress shall be supported by a declaration on behalf of the defendant, <u>setting forth all facts then known</u> upon which it is contended the motion should be granted.

(emphasis added).  <u>See</u> <u>United States v. Wardlow</u>, 951 F.2d 1115, 1116 (9th Cir. 1991) (proper for district court to deny motion to suppress without evidentiary hearing where defendant failed to properly comply with applicable local rule).

Defendant Gil's motion is not accompanied by a declaration

2

setting forth facts upon which it can be determined that defendant's privacy was invaded.[1]  Defendant incorrectly asserts standing based on the fact that he was identified as a person "government agents . . . wanted to intercept" in certain wiretap Orders, and asserts - without any justification for his assertion - that he "was an intended target" in the remaining wiretap Orders.  This is not the correct legal standard.  Defendant must set forth evidence that he has standing to challenge the interception of a particular Target Telephone by pointing to a particular interception that would involve an intrusion into a zone of privacy.  On this ground alone, all of defendant's motions lack merit and should be denied.[2]

Defendant Moreno has filed a joinder to defendant Gil's motion, and has included a declaration in which his attorney states that defendant "was not a party" to conversations intercepted during the government's wiretap investigation.  The law is clear that only persons actually intercepted (or in whose homes the intercepted telephones are located) have standing to challenge the wiretap.  King, 478 F.2d at 506; see also Ruggiero,

---

[1] Furthermore, defendant Gil's declaration is defective as it was not signed by defendant, but instead contained the designation "/s/ Juan Gil," which is reserved only for use by attorneys who have Electronic Case Filing logins and passwords.

[2] The government submits that, even if defendant Gil were to submit an amended declaration, he would be unable to establish standing to challenge any of the wiretap Orders.  Defendant Gil was a federal inmate during the entire wiretap investigation.  If he submitted any declaration claiming that he was intercepted on a Target Telephone, that interception would have occurred from an outbound call that defendant made while in federal custody, and it is well settled that federal inmates have no reasonable expectation of privacy in their outbound calls.  United States v. Van Poyck, 77 F.3d 285, 290-91 (9th Cir. 1996).

928 F.2d at 1301. As such, his joinder should be stricken.

Defendant Barajas has also submitted a declaration but stated that he was "intercepted on one or more of the target telephones" without identifying the date, time, or telephone that was used. Because defendant Barajas has not pointed to a particular interception what would involve an intrusion into a zone of privacy, he has failed to present sufficient evidence to establish standing to challenge any wiretap Order, and his joinder should be stricken as well.

Defendants Rivera and Prieto has submitted declarations that have established standing for those defendants to challenge the interception of Target Telephone #9 only, which was authorized by CR Misc. No. 09-0038(D)-R.

**B.   EVERY APPLICATION FOR AN INTERCEPTION WAS PROPERLY AUTHORIZED**

Defendants argue that wiretap interceptions should be suppressed because certain wiretap applications were not properly authorized by the United States Department of Justice. This is a false statement of fact as each and every wiretap was properly authorized. In this case, each and every application for a wiretap attached a memorandum from the authorizing Department of Justice Official. See Ex. 1.[3]

Each authorization was proper. In each case, either an Assistant Attorney General, Deputy Assistant Attorney General, or

---

[3] In response to defendant's arguments, the government has also included the Delegation Orders - Order No. 2943-2008 and 3055-2009 - applicable to each memorandum. Defendant's assertion that one of these Orders did not exist is erroneous. Designation Mot. at 11.

4

1  an Acting Deputy Assistant Attorney General approved the wire at
2  issue.  <u>Id</u>.  Each of these individuals is specifically authorized
3  by statue to duly authorize wires.  18 U.S.C. § 2516(1).  Each of
4  those individuals received special designation from the current
5  Attorney General - Michael B. Mukasey, and Eric H. Holder, Jr. -
6  to authorize applications to a Federal Judge . . . for orders
7  authorizing or approving the interception of wire and oral
8  communications.  The statute is unambiguous, and none of
9  defendant's authority addresses § 2516(1) in its current form.
10      Defendant Gil's arguments challenging the Orders in CR Misc.
11  No. 09-0038(A)-R and CR Misc. No. 09-0038(D)-R are disingenuous
12  and misleading.  Authorization Mot. at 12.[4]  The government did
13  not "forge[] ahead" and seek and obtain wiretap orders that were
14  not authorized by the Department of Justice.  <u>Id</u>. at 4.
15      On March 12, 2009, the government received authorization
16  from the Department of Justice to apply for an order authorizing
17  the <u>interception of wire communications occurring to and from the</u>
18  <u>cellular telephones bearing the numbers (909) 251-1663, and (909)</u>
19  <u>261-9412</u>.  <u>See</u> Ex. 1 (emphasis added).  On June 12, 2009, the
20  government received authorization from the Department of Justice
21  to apply for an order authorizing the <u>interception of wire</u>
22  <u>communications occurring to and from the cellular telephones</u>
23  <u>bearing the numbers (909) 251-1663, and (909) 489-8277</u>.  <u>Id</u>.
24  (emphasis added).

---

[4] In any event, as set forth above, no defendant has established standing to challenge the interceptions on the Target Telephones authorized by either of these Orders.

While each authorization memorandum described the investigation and included a list of targets in its description of the investigation, nothing in the memorandum can be read to authorize the interception of <u>only</u> the targets identified in the memorandum and not others. Rather, the memorandum authorizes the government to apply for "particular . . . facilities from which . . . the communication [wa]s to be intercepted. 18 U.S.C. § 2518(1)(b). The government received authorization from the Department of Justice to apply for an order authorizing the interception of the Target Telephones described in the memoranda identified by defendant Gil, and, on each instance, obtained an order consistent with Department of Justice authorization.[5]

**C.    IT WAS PROPER TO EMPLOY CIVILIAN CONTRACTORS TO MONITOR WIRETAPPED CONVERSATIONS**

In defendant's Delegation motion, defendant argues that the wiretap evidence should be suppressed because the "evidence was seized from unlawful delegation of warrant execution to non-law enforcement, untrained, unsupervised civilians for hire." Delegation Mot. at Not. of Mot. 1. Defendant's motion cites no

---

[5] The government notes that defendant's challenge to the Order in CR Misc. No. 09-0038(A)-R is that the government "sought and obtained a court order to intercept . . . an unidentified male" and no one had authorized the government to intercept the unidentified male. Authorization Mot. At 12. First, the authorization memorandum describes the investigation as targeting identified individuals and others as yet unknown. Moreover, defendant's position, if taken to its logical conclusion, would mean that the government would be required to identify and obtain authorization to intercept each and every target <u>prior to initiating the wiretap investigation</u>. That is just simply not the law. It is also an inconsistent with the equally erroneous position that defendant Gil takes in his own Declaration where he attempts to confer standing on himself by claiming that he was an "intended target" in all of the wiretap orders in this investigation. <u>See</u> Gil Decl. at ¶ 2.

6

law in support of this specific proposition and should be denied.

Law enforcement may use civilian contractors to listen to the interceptions and decide which to record and which to "minimize." This is expressly allowed by statute. See 18 U.S.C. § 2518(5) ("An interception may be conducted in whole or in part by Government personnel, or by an individual operating under a contract with the Government, acting under the supervision of an investigative or law enforcement officer authorized to conduct the interception"). Irrespective of this unambiguous statutory authorization for the use of contractors, defendant claims that any search performed by civilian contractors without a compelling justification violates the Fourth Amendment mandate against unreasonable search and seizures. Delegation Mot. at 6-7. Defendant cites no cases that demonstrate that justification is required for the use of civilian monitors. To the contrary, defendant cites to Ninth Circuit law which in fact makes clear that the wiretap statute, "does not require the government to follow any specific protocol to properly supervise a wiretap." United States v. Reed, 575 F.3d 900, 918 (9th Cir. 2009).

Title III's legislative history confirms that monitoring and interception under the statue may be performed "'by individuals operating under contract with the Government,' provided, as occurred here, that those individuals are properly authorized and supervised." See United States v. Rivera, 292 F. Supp. 2d 838, 843 (E.D. Va. 2003) citing S. REP. NO. 99-541, at 31 (1986). "Legislative history indicates that Congress desired to permit the government to contract out monitoring functions to private

1  entities in order 'to free field agents from the relatively
2  routine activity of monitoring interceptions so that they can
3  engage in other law enforcement activities.'" Id. at 843, n. 11,
4  citing S. REP. NO. 99-541, at 31 (1986).  This is specifically
5  the type of activities that law enforcement in this case were
6  permitted to do as a result of the civilian monitors.  For
7  example, as stated in the affidavits in support of interception,
8  one of the benefits that wiretaps provide to a criminal
9  investigation is the ability to conduct real-time surveillance to
10 observe criminal activity or be able to respond immediately once
11 criminal activity is discussed on the telephone.  See, e.g., Ex.
12 A to Defendant Gil's Mot. at ¶ 65.  Although there is no
13 requirement that law enforcement was "in need of assistance"
14 before employing monitors, the stated desire to conduct real-time
15 surveillance as the calls are intercepted provides exactly the
16 justification for the use of monitors that defendant seeks in his
17 Motion.  Without the use of monitors, agents would have been
18 stuck in the wire room as defendants discussed and then engaged
19 in criminal activity.  Additionally, contract-monitors were
20 necessary to monitor and translate Spanish-language calls.  See
21 Lavoie Decl. at ¶ 2.
22      Contrary to defendant's argument that there is no evidence
23 that the "civilian contractors were subject to any degree of
24 supervision," Delegation Motion at 10, the Court's order
25 authorizing the wiretap specifically required such supervision:
26      Pursuant to 18 U.S.C. § 2518(5), the interception may be
        conducted in whole or in party by government personnel (full
27      or part-time), or by an individual operating under a
        contract with the government acting under the supervision of
28

8

>investigative or law enforcement officers authorized to conduct the interception.

See, e.g., Def. Ex. A at USA000106. Not only did the order authorizing interception require supervision, but Ontario Police Department Officer Lavoie has stated that it occurred throughout the investigation. See Lavoie Decl. Accordingly, defendant's motion to suppress the wiretaps due to the use of civilian monitors should be denied.

**D.   THE WIRETAP ORDERS PROVIDED A SUFFICIENTLY PARTICULARIZED DESCRIPTION OF THE EVIDENCE TO BE OBTAINED**

Defendant's Particularity Motion alleges that the wiretap orders failed to identify the types of conversations that law enforcement was permitted to intercept, and is therefore infirm under the Fourth Amendment.

A wiretap order satisfies Title III's particularity requirement if it recites "the elements of the statutory offense to which the communications sought to be intercepted would relate." United States v. Carneiro, 861 F.2d 1171, 1179 (9th Cir. 1988) (citation omitted). While conversations to be intercepted by electronic surveillance are "necessarily identified partly in terms of the suspected offenses to which they will relate," the content of the conversations cannot possibly be known in advance. United States v. Licavoli, 604 F.2d 613, 620 (9th Cir. 1979). As a result, "the authorizing order need not describe every aspect of the criminal activity expected to be revealed by the surveillance." Id. But rather, "[t]he order must be broad enough to allow interception of any statements concerning a specified pattern of crime." Id.

9

1  Defendant's argument that the orders made no attempt to identify
2  the conversations to be intercepted is incorrect.  Particularity
3  Mot. at 9.  Every order at issue listed the criminal offenses
4  under the investigation, and identified the target subjects.

5  Defendant's key citation is Berger v. New York, 388 U.S. 41
6  (1967), a case which he concedes was decided before the current
7  federal wiretap statute was enacted.  See United States v.
8  Forrester, 616 F.3d 929, 945 (9th Cir. 2010) (wiretap statute
9  "prescribes the procedure for securing judicial authority to
10 intercept wire communications . . . and 'was enacted specifically
11 to meet the constitutional requirements for electronic
12 surveillance enunciated by the Supreme Court in Berger . . . .'")
13 (citations omitted).  In another case cited by defendant,
14 Particularity Motion at 10, the Ninth Circuit made clear that
15 specificity in wiretap applications is not an exact science
16 because it is impossible to predict exactly how a conversation
17 will occur:

> Here the authorization was to intercept conversations having to do with the narcotics business - the purchase and sale of heroin and cocaine.  If this allowed leeway it was not because the listener could decide for himself whether certain conduct violated the law, but because (as we shall note in discussing minimization) it was not readily apparent that a conversation related to narcotics.  In our judgment the order was sufficiently precise.  Indeed it would appear to be as precise as it could have been made, considering that those who were likely to be parties to narcotics conversations were as yet unknown.  Warrants to search for or seize tangible objects have been upheld against such challenge where the places to be searched and the things to be seized are described as precisely as the circumstances permit.

26 United States v. Turner, 528 F.2d 143, 154 (9th Cir. 1975).
27 Because the orders were sufficiently particular under the law, no
28

evidence obtained pursuant to those orders should be suppressed and defendant's Particularity Motion should be denied.

### III.  CONCLUSION

For the reasons set forth above, the government maintains that each of defendant's motions to suppress wiretap evidence be denied.