```
JOSEPH F. WALSH
Attorney at Law
California Bar No. 67930
205 S. Broadway, Suite 606
Los Angeles, CA 90012
Tel: (213)627-1793
Fax: (213)627-1711
Email: Attyjoewalsh@aol.com

Attorney for Defendant
JESSICA MEDINA
Deft. No. 27
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>JESSICA MEDINA,<br><br>        Defendant. | Case No. CR-10-351-ODW-27<br><br>**DEFENDANT MEDINA'S SUPPLEMENTAL POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SUPPRESS WIRETAP EVIDENCE;**<br><br>Date: September 11, 2012<br>Time: 10:00 a.m.<br>Ctrm: Hon. Otis D. Wright II |

TO THE UNITED STATES ATTORNEY:

      PLEASE TAKE NOTICE that the Defendant, JESSICA MEDINA, hereby files this Supplemental Memorandum of Points and Authorities in support of her previously filed Motion to Suppress Wiretap Evidence which is set for a hearing on September 11, 2012 at 10:00 a.m. before the Honorable Otis D. Wright.

Dated: August 8, 2012                    /s/ Joseph F. Walsh

                                             JOSEPH F. WALSH
                                             Attorney for Defendant
                                             JESSICA MEDINA, Deft. No. 27

**MEMORANDUM OF POINTS AND AUTHORITIES**

**STATEMENT OF THE FACTS**

The Defendant JESSICA MEDINA, filed a Motion to Suppress Wiretap Evidence obtained over Target Telephone # 9. The Motion raised two grounds for suppressing the wiretap evidence. The first ground was that the wiretap application failed to satisfy the necessity requirement under 18 U.S.C. §2518(1)(c) and did not set forth a "full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appeared to be unlikely to succeed if tried or to be too dangerous." The second ground raised in the motion was that once Carlos Rivera, the person using Target Telephone # 9, was arrested, law enforcement officers could not leave the telephone with Jessica Medina and continue to monitor her telephone call conversations over Target Telephone # 9 without getting a new wiretap authorization to wiretap Jessica Medina's conversations. The existing application for the wiretap on Target Telephone # 9 did not establish probable cause or necessity as to Jessica Medina.

After the filing of the Motion to Suppress the Wiretap Evidence, the co-defendant, RAUL PRIETO, filed a joinder in Jessica Medina's Wiretap Suppression Motion and raised an additional ground for moving to suppress the wiretap evidence. PRIETO has argued that the wiretap evidence on Target Telephone # 9 should also be suppressed because the Government did not obtain authorization from the Attorney General or his authorized Assistant Attorney General to wiretap Carlos Rivera. PRIETO attaches to his Supplemental

Arguments a copy of the Department of Justice Authorization Letter for Target Telephone # 9, which was attached to the wiretap application.  App. Bates No. 537-538.  The Authorization Letter does not include the name of CARLOS RIVERA in the list of person who may be subjected to wiretapping.

Defendant, JESSICA MEDINA, by this filing wishes to join in this additional argument raised by PRIETO and add the followiing argument to her Motion to Suppress Wiretap Evidence.

**ARGUMENT**

I. <u>THE COURT SHOULD SUPPRESS THE WIRETAP EVIDENCE BECAUSE THE WIRETAP APPLICATION DOES NOT CONTAIN THE NECESSARY JUSTICE DEPARTMENT AUTHORIZATION TO WIRETAP CARLOS RIVERA, THE PRIMARY USER OF TARGET TELEPHONE # 9</u>

Before an Assistant United States Attorney may apply for a wiretap order, the Assistant must obtain the required authorization from the Attorney General or his authorized Assistant Attorney General.  In 18 U.S.C. § 2516 (1) it states that  "the Attorney General, or any Assistant Attorney General specially designated by the Attorney General, may authorize an application to a Federal judge . . . for . . . an order authorizing or approving the interception of wire or oral communications" by federal investigative agencies seeking evidence of certain designated offenses.

Wiretap evidence obtained in violation of Title III must

be suppressed. <u>United States v. Giordano</u>, 416 U.S. 505, 527 (1974). In 18 U.S.C. §2515 it states that the contents of intercepted communications, or evidence derived therefrom, may not be received in evidence at a trial if the disclosure of the information would violate Title III, and may be suppressed on the grounds, inter alia, that the communication was "unlawfully intercepted," 18 U.S.C. § 2518 (10) (a)(i).

In <u>United States v. Giordano</u>, 416 U.S. 505, 527 (1974), an application for a wiretap stated that it had been authorized by a specially designated Assistant Attorney General. During suppression hearings, it developed that the wiretap application had not in fact been authorized by a specially designated Assistant Attorney General, but that the initial application was authorized by the Attorney General's Executive Assistant, a person who was not authorized under Title III to approve wiretap applications. The wiretap evidence in the case was suppressed on the grounds that the wiretap application had not been authorized by the appropriate official as required by Title III.

In <u>Giordano</u>, the Court held that Congress did not intend the power to authorize wiretap applications to be exercised by any individuals other than the Attorney General or an Assistant Attorney General specially designated by him. <u>United States v. Giordano</u>, supra, 416 U.S. at 512-523. Under § 2518 (10) (a)(i) the words "unlawfully intercepted" are not limited to constitutional violations, but the statute was intended to require suppression where there is a failure to satisfy any of those statutory requirements that directly and substantially implement the congressional intention to limit the use of intercept

procedures to those situations clearly calling for the employment of this extraordinary investigative device. <u>United States v. Giordano</u>, supra, 416 U.S. at 524-528. The statute's limitation of wiretap authorization to a senior Justice Department official was seen by the Court as one of the provisions of Title III that played a central role in the statutory scheme and thus suppression was the required remedy in the case where the required authorization has not been obtained. <u>United States v. Giordano</u>, supra, 416 U.S. at 528-529.

In this case, the application for the wiretapping of Target Telephone # 9 was based upon a showing a probable cause that Carlos Rivera was using Target Telephone # 9 in order to commit extortion and drug trafficking offenses. In the wiretap application, Target Telephone # 9 was identified as a cellular telephone subscribed to Jessica Medina and believed to be used primarily by Carlos Rivera. App. p. 3; Bates No. 522. Although Carlos Rivera is mentioned in the wiretap application as a "Target Subject," Jessica Medina is not listed as a Target Subject. App. p. 23; Bates No. 563.

The Justice Department Authorization Letter is attached to the wiretap application. App. at Bates No. 537-538. It lists Target Telephone # 9 [(909) 419-9937] subscribed to by Jessica Medina among a list of four telephones for which authorization is being sought in connection with an investigation into possible violations of federal law by 46 named individuals. In the list of the 46 individuals, there is no mention of the name of Carlos Rivera. The letter concludes with the statement that the writer "hereby authorizes the above-described application to be made by

any investigative or law enforcement officer of the United States.

The Defendant contends that on its face, the Authorization Letter does not authorize the wiretapping of Carlos Rivera over Target Telephone # 9 and that the evidence should be suppressed under Giordano. The Defendant's argument is further supported by the Ninth Circuit case of United States v Staffeldt, 451 F.3d 578 (9th Cir. 2006). In Staffeldt, the court found that the wiretap application was "facially insufficient," and suppressed the evidence in a case where the wiretap application contained the Justice Department memorandum of authorization for an entirely unrelated telephone. Through a mistake, the Justice Department had faxed the wrong authorization to the prosecutor and neither the prosecutor nor the District Court that authorized the wiretapping noted the mistake. Thus, the wiretap application failed to establish that the application to wiretap Staffeldt's telephone had been authorized by the Attorney General. The Court noted that Staffeldt's name was not mentioned in the authorization submitted as an attachment to the wiretap application. In suppressing the evidence, the Court stated:

> [T]here can be no question that the application here was facially insufficient. It would be impossible for a reasonable jurist to conclude from the face of the application, including the attached memorandum of authorization, that the request for the Staffeldt wiretap had been authorized by the Justice Department. The application itself states that the attachment is a copy of the applicable

>authorization. The attachment, however, does not authorize anything with respect to Staffeldt or even mention him. Instead, it authorizes the filing of an application for a wiretap of an entirely different person in a different part of the country. As a result, a reading of the application would preclude a determination that all the statutory requirements for approving a wiretap of Staffeldt's telephones had been met. . . . Because the application for the wiretap filed in the district court fails to show that authorization was obtained to file an application for a wiretap of Staffeldt's phones, we hold that it is facially insufficient. (541 F.3d at 583-584)

A similar facial insufficiency exists in the wiretap application for Target Telephone # 9. The Justice Department Authorization Letter does not authorize the wiretapping of Carlos Rivera, the primary user of the phone, and the only person for whom the application sets for any probable cause. Therefore, because the required authorization is lacking in the wiretap application, the Defendant urges the Court to grant the motion to suppress the wiretap evidence obtained during the wiretapping of Target Telephone # 9.

**CONCLUSION**

Based upon the foregoing, the defendant moves to suppress all of the wiretap evidence and all of the evidence derived from the wiretap.

Dated: August 8 , 2011					Respectfully Submitted,

							/s/ Joseph F. Walsh
							JOSEPH F. WALSH
							Attorney for Defendant
							JESSICA MEDINA